**RECORD NO. 15-4107**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DENETRIA MYLES,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

_____

### BRIEF OF APPELLANT

_____

Steven T. Meier
MEIER LAW
307 East Boulevard
Charlotte, NC  28203
(704) 333-3456

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION..........1

STATEMENT OF ISSUES............................................1

STATEMENT OF THE CASE..........................................1

SUMMARY OF ARGUMENTS...........................................2

ARGUMENT.......................................................3

    1.   THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE GOVERNMENT TO PRESENT EVIDENCE WHICH WAS NOT PROVIDED TO THE DEFENSE IN A TIMELY FASHION DURING PRE-TRIAL DISCOVERY....................3

        STANDARD OF REVIEW....................................3

        DISCUSSION OF ISSUE...................................3

    2.   THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN DENYING MS. MYLES' PRO SE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION...................7

        STANDARD OF REVIEW....................................7

        DISCUSSION OF ISSUE...................................7

CONCLUSION.....................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

TABLE OF AUTHORITIES

Page(s)

*Cases*:

*Brady v. Maryland*,
    373 U.S. 83, 83 S. Ct. 1194,
    10 L. Ed. 2d 215 (1963)..........................1, 3, 4, 7

*Insurance Corp. of Ireland, Ltd. v.*
*Compagnie des Bauxites de Guinee*,
    456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).....8

*United States v. Burch*,
    169 F.3d 666 (10th Cir. 1999)..............................8

*United States v. Cole*,
    631 F.3d 146 (4th Cir. 2011)...............................3

*United States v. Larson*,
    302 F.3d 1016 (9th Cir. 2002)..............................8

*United States v. Woolfolk*,
    399 F.3d. 590 (4th Cir. 2005).............................7

*Statutes*:

18 U.S.C. § 20.................................................8

18 U.S.C. § 1344...............................................7

28 U.S.C. § 1291...............................................1

*Rules*:

Fed R. Crim. P. 16(2)(c).......................................5

Fed R. Crim. P. 16(d).........................................5

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a judgment and sentence imposed on February 18, 2015 against the defendant-appellant, Dentria Myles. The judgment was entered on February 23, 2015. (JA 1375) Ms. Myles filed a timely notice of appeal on February 25, 2015. (JA 1373) This court has jurisdiction pursuant to 28 U.S.C. § 1291.

STATEMENT OF ISSUES

1. WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENSE MOTIONS TO PROHIBIT THE GOVERNMENT FROM INTRODUCING EVIDENCE PRODUCED IN VIOLATION OF THE TERMS OF THE COURT'S SCHEDULING ORDER AND EVIDENCE REQUIRED UNDER BRADY V. MARYLAND.

2. WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN DENYING MS. MYLES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

STATEMENT OF THE CASE

This case arises from a law enforcement investigation into a large criminal conspiracy, the Enterprise, "whose members and associates engaged in investment and securities fraud, bank and mortgage fraud, wire fraud, and the distribution of illegal drugs." (JA 1405) The Indictment and Superseding Indictments alleged that between 2005 and 2007 the Enterprise had individuals in all aspects of real estate transactions – including builders, purchasers, appraisers, notaries and attorneys – who conspired together to obtain mortgage loans at inflated values and receive kickbacks or other unauthorized amounts of money.

1

The Superseding Indictment named 26 conspirators. (JA 14) The specific charges against Ms. Myles were: Count One, RICO conspiracy; and Count Three, bank fraud. The government alleged that Ms. Myles was specifically involved with 7 transactions involving fraudulent information presented to lenders.

The matter came on for trial on October 15, 2013, the Honorable Graham C. Mullen presiding. The trial involved Ms. Myles and a co-defendant named Nathan Wolf. The government presented several days of testimony and rested on October 21, 2013. The defendant did not present any evidence. The jury returned a verdict of guilty on both Counts on October 23, 2013. As needed, additional factual information from the trial will be included in the arguments below.

The case came back on for a sentencing hearing on February 18, 2015. Judge Mullen granted a "modest variance" from the guideline range of 57 to 71 months and imposed a sentence of 51 months on each of the two Counts, to be served concurrently. The judgment was signed on February 23, 2015.

## SUMMARY OF ARGUMENTS

The government continued its investigation into the named criminal conspiracy following the filing of the indictment. This resulted in the government continuing to serve the defense with discovery information well after the discovery order was entered including immediately before trial. The defense

2

objected and Ms. Myles made a separate, *pro se*, *Brady* motion. The district court denied both motions violating Ms. Myles' right to a fair trial.

Furthermore, the government acknowledged that there is no specific crime of "mortgage fraud." Instead, the government charged Ms. Myles with RICO violations and bank fraud. An element of bank fraud, however, is that the victim be a "financial institution." The government, however, failed to prove that this element of the offense and relied upon a stipulation with the defense. Ms. Myles filed a motion to dismiss for lack of subject matter jurisdiction based on this lack of proof which the district court denied.

## ARGUMENT

1. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE GOVERNMENT TO PRESENT EVIDENCE WHICH WAS NOT PROVIDED TO THE DEFENSE IN A TIMELY FASHION DURING PRE-TRIAL DISCOVERY.

STANDARD OF REVIEW

This Court will "review a trial court's ruling on the admissibility of evidence for abuse of discretion." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011)

DISCUSSION OF ISSUE

During the trial process, issues were raised both by Ms. Myles' counsel as well as by Ms. Myles, *pro se*. These issues were regarding production of discovery material by the

3

government, as well as the production of information pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Immediately following jury selection on October 15, 2013, counsel made a motion in *limine* to exclude evidence which had just been provided to the defense by the government. Counsel argued that "the court entered an order where the parties jointly agreed that September 30th the government would have responded with any request for discovery, i.e., discovery would be complete." (JA 200) Counsel noted that "[w]e've now received tens of thousands of pages, Your Honor, after that date…got a statement from [Mr. Mustapha] after that date. Put him on the witness list after that date." *Id*. Mr. Mustapha is Ms. Myles' husband. He was not named as a co-defendant in the Superseding Indictment.

The government's response to this motion was that "it's just not correct that there was close of discovery." The government did admit that "we didn't interview [Mr. Mustapha] until after September 27th, but there was no agreement, there was nothing requiring us to interview him ahead of time. So we're not going to introduce any statements of them." (JA 204)

Similarly, Mr. Myles, *pro se*, "filed a motion basically for *Brady* material" which the court heard at the end of the day on October 15, 2013. (JA 2013) Ms. Myles specifically questioned

4

the charges against her involving alleged fraud against George Mason, LLC and SDI Funding. She also questioned the specifics of the allegations: "in the indictment it was a statement made that I forged the young lady's signatures for her to get a loan, but then when I'm being brought to court based on me notarizing documents . . . I need information in order to have due process to defend myself." (JA 214) The district court denied all of the motions.

Undoubtedly, this was a complex matter. The superseding bill of indictment included 26 defendants and ran some 88 pages laying out multiple lenders and parcels of property. As an example, there is a reference in the transcript to some 800,000 pages of discovery being provided. Nevertheless, in order to ensure a fair trial there have to be some bounds and requirements imposed upon the government. The Superseding Indictment was filed on April 18, 2013 some six months before the matter came to trial.

Federal Rule of Criminal Procedure 16(d) allows the district court to regulate discovery and subsection (2)(C) gives the court the authority to "prohibit that party from introducing the undisclosed evidence" or to (D) "enter any other order that is just under the circumstances." Here, the court entered a scheduling order on September 16, 2013 providing that motions to compel discovery had to be filed by close of business that day,

5

September 16, 2013, and responses no later than September 30, 2013. Instead, the government continued providing discovery material on the eve of trial. While the government and the district court took the position that the government was not in violation of the letter of the order, these actions clearly violated the spirit of the order. It was even more significant given the scope of the prior discovery.

Given the amount of prior discovery – some 800,000 pages by one count – the government's providing additional material at the last moment could figuratively have broken the camel's back and was clearly timed to limit the defense's ability to respond. As such, it violated Ms. Myles' right to a fair trial and should have been excluded.

Also, as Ms. Myles pointed out paragraph 359.e. of the Superseding Indictment alleged that "Myles had forged D.N.'s signature on the closing documents." (JA 82) Instead, at trial the government presented evidence from government witness Ralph Johnson that Ms. Myles' actions were not a part of the conspiracy. Rather, Mr. Johnson testified that she notarized documents without seeing the signature. "She just trusted me that these people knew about this document that was being signed." (JA 369) Certainly, this conduct is not what is expected of a notary public but it does not constitute mortgage fraud or a RICO violation. Ms. Myles asserted that this was a

6

violation of her rights under *Brady*, *supra*, because the government failed to provide exculpatory evidence prior to trial.

The trial court erred by not requiring that the government comply with the requirements of the court's scheduling order and by allowing into evidence prejudicial testimony.

2. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN DENYING MS. MYLES' PRO SE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

STANDARD OF REVIEW

This Court reviews *de novo* the district court's denial of the defendant's motion to dismiss. *United States v. Woolfolk*, 399 F.3d. 590, 594 (4th Cir. 2005)

DISCUSSION OF ISSUE

Very early during jury selection, the government admitted that there is no such crime as mortgage fraud. In fact, the Superseding Indictment alleged a violation of 18 U.S.C. § 1344, Bank Fraud, which provides that "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." The status of a financial

7

institution is an element which the government was required to prove beyond a reasonable doubt and is defined by 18 U.S.C. § 20.

Prior to trial, the government and the defense entered into a stipulation that several of the lenders named in the Superseding Indictment were financial institutions. (JA 103) The government then ignored the requirement of proving each element of the offense, namely that each of the institutions named in the Superseding Indictment was a financial institution.

This requirement of a financial institution goes directly to the question of whether the court had jurisdiction to hear the case. Ms. Myles raised this jurisdictional question in her motion. Challenges to a district court's jurisdiction can be raised at any time, even following trial. "Subject matter jurisdiction may not be conferred on a federal court by stipulation, estoppel, or waiver." *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999), *citing*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *but see*, *United States v. Larson*, 302 F.3d 1016 (9th Cir. 2002)

Here, the government relied upon its stipulation rather than presenting proof to support the trial court's subject matter jurisdiction. This reliance was in error. The district court's failure to grand Ms. Myles' motion to dismiss was,

8

therefore, reversible error and should result in this Court vacating the judgment and remanding the matter back to the district court.

## CONCLUSION

The district court committed reversible error in denying the defense motions regarding discovery such that Ms. Myles was deprived of her right to a fair trial. Furthermore, the district court erred in denying Ms. Myles motion to dismiss for lack of subject matter jurisdiction.

For either of these reasons, the district court's decisions constituted reversible error. Ms. Myles respectfully asks that this Court recognize that error, vacate the judgment entered and remand the matter back to the district court.

RESPECTFULLY SUBMITTED
DENETRIA MYLES


/s/ Steven T. Meier
Steven T. Meier
Attorney at Law
307 East Boulevard
Charlotte, NC  28203
(704) 333-3456

Counsel for Appellant

9

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,854</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>12 point Courier New</u>.

Dated: July 6, 2015                        /s/ Steven T. Meier
                                           Steven T. Meier

                                           *Counsel for Appellant*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on July 6, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Melissa A. Dockery
Melissa A. Dockery
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219